IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:23-CR-00034-M

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TAJ'MA DE'YONG USSERY,<br><br>    Defendant. | ORDER |

This matter comes before the court on the Defendant's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [DE 68]. Construed liberally, Defendant contends that, had the policy statement in U.S.S.G. § 5H1.1 been in effect at the time of his sentencing in January 2024, his sentence would have been lowered based on his "youthfulness" at the time of his prior offenses. For the following reasons, Defendant's motion is denied.

Amendment 829 of the United States Sentencing Guidelines became effective on November 1, 2024, and broadened U.S.S.G. § 5H1.1 to provide that "a downward departure may be warranted in cases in which the defendant was youthful at the time of the instant offense or any prior offenses." *United States v. Young*, No. 21-CR-00080-LKG, 2025 WL 2194909, at *10 (D. Md. Aug. 1, 2025) (citing USSG Manual, Amend. 29). Notably, the Sentencing Commission has *not* identified Amendment 829 as an amendment that may be applied retroactively when considering sentence reductions. *See id.* (citing U.S.S.G. § 1B1.10(b), requiring that, for determinations under § 3582(c)(2), courts shall "shall substitute only the amendments listed in

subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected").

Nevertheless, Defendant, citing 2022 decisions, contends that "non-retroactive changes in sentencing law may remain relevant when a court decides when and how to modify a sentence." DE 68 at 2. Even if Defendant is correct, however, the Guidelines on which Defendant relies for his reduction request (and which were in effect at the time he was sentenced) provide, in relevant part, that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall ***not*** be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c) (emphasis added). Any such change in the law may be considered only if Defendant "***otherwise*** establishes that extraordinary and compelling reasons warrant a sentence reduction." *Id.* (emphasis added).

Defendant further contends that he "has diligently pursued rehabilitation since arriving at the federal prison"; however, this is, itself, insufficient to constitute an extraordinary and compelling reason for sentence reduction. *See United States v. Thomas*, No. CR JKB-97-0355, 2024 WL 4826234, at *2 (D. Md. Nov. 19, 2024) (arguments regarding exemplary conduct, rehabilitation, and familial and community support, although heartening, do not qualify on their own as extraordinary and compelling reasons warranting a further sentence reduction); *United States v. McGurk*, Crim. No. 02-00190-FDW, 2023 WL 4939385, at *4 (W.D.N.C. Aug. 2, 2023) ("Defendant's record of rehabilitation, verified release plan, and family support do not establish extraordinary and compelling reasons supporting a sentence reduction."). Of course, Defendant's participation in programming, including educational and vocational courses, is commendable and, had the court found an extraordinary and compelling reason to reduce Defendant's sentence, the

court would have considered Defendant's rehabilitation efforts in its analysis of the § 3553(a) factors.

In sum, the court finds that Defendant has failed to demonstrate an extraordinary and compelling reason to warrant this court exercising its discretion to grant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly, Defendant's motion [DE 68] is DENIED.

SO ORDERED this 4th day of September, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE